# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Edwin L. O'Reilly Family Trust, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV 15-1475 DSF (MRW) |
| v. | |
| Jon Kim, et al., | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                              United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ District Court lacks jurisdiction
- ☐ Legally and/or factually patently frivolous
- ☐ Immunity as to _____
- ☒ Other: See attached statement of decision

Comments:

March 10, 2015                                    /s/ Michael R. Wilner
Date                                                    United States Magistrate Judge

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED
☒ DENIED (see comments above). IT IS FURTHER ORDERED that this case is hereby:
☐ DISMISSED.
☒ REMANDED.

*[signature: Dale S. Fischer]*

March 10, 2015                                    _____
Date                                                    United States District Judge

CV-73 (01/15)                ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

Defendant Kim seeks to proceed <u>in forma pauperis</u> in removing a state court unlawful detainer action to federal court.  The notice of removal claims that federal jurisdiction is proper because Defendant and his family wish to assert a counterclaim alleging a violation of federal law (Real Estate Settlement Procedures Act) regarding the foreclosure of the property at issue.

However, Defendant's notice of removal fails to allege a proper basis for federal jurisdiction.  "For both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal[.]  Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question."  <u>Redevelopment Agency of City of San Bernardino v. Alvarez</u>, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) (quoting <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 327 (5th Cir. 1998)); <u>see also</u> Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial, ¶ 2:2525 (The Rutter Group 2014) (defendant may not "manipulate removal jurisdiction" by pleading federal counterclaim).  Further, neither the original state complaint nor Defendant's notice of removal offers any basis for this Court to find that diversity of citizenship (or any federal question) jurisdiction exists.

Defendant's attempt to plead a counterclaim under a federal statute is insufficient to warrant removal of this action from state court.  In the absence of a validly articulated basis for federal court jurisdiction, the IFP application should be denied, and the matter remanded to the state superior court for further proceedings.